UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICK ERDMANN,<br><br>    Plaintiff,<br><br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:17-cv-02383-JAD-PAL<br><br>**ORDER**<br><br>(Mot. to Seal – ECF No. 40) |

This matter is before the court on Defendant Lincoln National Life Insurance Company's ("Lincoln National") Unopposed Motion to Permit Filing of Unredacted Administrative Record on CD Under Seal (ECF No. 40). This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

This case arises from Plaintiff's claim to recover benefits under an insurance policy governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. The motion asserts that Lincoln National compiled an Administrative Record containing 4,428 pages of documents in the course of administering Plaintiff's claim. Many of the documents contain Plaintiff's confidential and sensitive financial, medical, and personally identifying information. Thus, Lincoln National asks the court for permission to "file in unredacted form the non-privileged portions of its Administrative Record on CD under seal in lieu of electronic filing." Mot. at 2. This request is made "in light of the size of the Administrative Record and to prevent public disclosure of Plaintiff's confidential information." *Id.*; *see also* Decl. of Wendy Furman (ECF No. 40-1). Plaintiff does not object to Lincoln National's request, and both parties will rely on the Bates-stamped Administrative Record in filing their dispositive motions, which are due November 13, 2018.

1

The Local Rules of Practice state that the court's electronic files constitute its official record. LR IC 1-1(e). With the limited exception of the documents defined in LR IC 1-1(c), litigants must electronically file *all submissions* to the court through the CM/ECF system. This includes all exhibits, *see* LR IA 10-3, LR IC 2-2, and sealed documents, *see* LR IA 10-5, LR IC 4-1. When documents contain personal-data identifiers, such as social security and financial account numbers, home addresses, and dates of birth, parties must redact the information from all documents submitted to the court. Fed. R. Civ. P. 5.2; LR IC 6-1(a); *see also In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011). Where a vast number of personal data identifiers make redactions impractical and redactions would require significant time and manpower, a party may seek leave of the court to file the unredacted documents under seal. *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1135, 1136–37 (9th Cir. 2003).

Although public policy favors access to court records, Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule IC 6-1 recognize that such records could easily become a treasure trove for identity thieves. Here, the need to protect a large amount of personal data qualifies as a compelling reason for sealing the Administrative Record in connection with the parties' dispositive motions. *See id.* Redactions are not practical for the large number of documents in the Administrative Record and would not leave meaningful information available to the public since the 4,428 pages are replete with personal identifiers. *See id.* at 1137; *In re Roman Catholic Archbishop*, 661 F.3d at 425. In addition, redactions cannot be accomplished with minimal effort; rather, they would require significant time and manpower. The court therefore finds compelling reasons for the Administrative Record to be filed under seal.

However, granting Lincoln National's request to submit a CD will not make the 4,428 pages of documents contained in the Administrative Record the court's official record. The Administrative Record is not one of the limited exceptions for electronic filing defined in LR IC 1-1(c) or an *in camera* submission, LR IA 10-4. The motion does not indicate the Administrative Record contains "oversized" documents unsuitable for electronic filing. *See* LR IA 10-3 ("Oversized exhibits" exceed "8 ½ by 11 inches"); LR IC 1-1(c)(11) ("large maps, diagrams, photographs, and drawings"). The volume of documents in the Administrative Record will not

complicate its electronic filing under seal or create a burden for Lincoln National. *See* ECF No. 41-1, Furman Decl., ¶ 4. Voluminous Administrative Records containing sensitive medical and other personal information such as Social Security cases are filed electronically and under seal. The CM/ECF filing system allows parties to upload Portable Document Format (PDF) documents in multiple attachments. LR IC 2-2(a)(1). Each attachment may reach a maximum PDF file size of 15 MBs. The court therefore instructs Lincoln National to electronically file the Administrative Record under seal in accordance with the Local Rules by **November 13, 2018**.

Failure to follow the Local Rules and CM/ECF filing requirements may delay and complicate the court's review. Counsel are responsible for informing themselves and instructing their staff regarding the correct electronic filing procedures. The parties are encouraged to contact the CM/ECF Helpdesk at (702) 464-5555 prior to filing should they have any technical questions. For additional direction, the parties may also refer to the updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the court's website.

Accordingly,

**IT IS ORDERED:**

1. Defendant Lincoln National Life Insurance Company's Unopposed Motion to Permit Filing of Unredacted Administrative Record on CD Under Seal (ECF No. 40) is **GRANTED in part and DENIED in part**.

2. On or before **November 13, 2018**, Defendant Lincoln National must electronically file the Administrative Record under seal in accordance with the Local Rules of Practice.

Dated this 8th day of November 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE